**FILED**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

AUG 24 2012

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| vs. | § § | Criminal No. 7:06-CR-150-01   RAJ |
| STACIE LYNN CHACON | § § | |

## ORDER REVOKING SUPERVISED RELEASE and RESENTENCING OF DEFENDANT

On this the 23rd day of August, 2012, came on to be heard the Government's Motion for Revocation of Supervised Release granted by virtue of Judgment entered on April 5, 2007, in the above numbered and styled cause.

Defendant appeared in person and was represented by attorney of record, Joshua A. Stephens. The United States was represented by Assistant United States Attorney, Austin Berry.

After reviewing the motion and the records in this case as well as hearing testimony and arguments of counsel, the Court is of the opinion that said Defendant has violated the provisions of his supervised release and that the ends of justice and the best interests of the public and of the Defendant will not be subserved by continuing said Defendant upon supervised release. Further, the Court is of the opinion that the Motion for Revocation of Supervised Release should be, and it is hereby **GRANTED.**

**IT IS THEREFORE ORDERED** that the term of supervised release of Defendant named above granted by Judgment entered on April 5, 2007, be, and it is hereby **REVOKED and SET ASIDE** and the Defendant is resentenced as follows:

> The Defendant, STACIE LYNN CHACON, is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of Six (6) months. The Court recommends that the defendant be incarcerated at F. C. I. Carswell, and that she participate in education and job training programs, and a drug/alcohol abuse treatment program.
>
> A term of Forty-eight (48) months, supervised release is imposed, and with the following special conditions to be observed, as well as the conditions set forth in the original judgment.
>
> 1) Immediately upon release from incarceration, the defendant shall reside in and participate in a residential substance abuse treatment program known as Alpha Home in San Antonio. Participation in the program may include testing and examination to determine if the defendant has reverted to the use of drugs or alcohol. The defendant shall obey all rules and regulations of said program.
>
> 2) The defendant shall participate in the Home Confinement Program for a period of One (1) year with Electronic Monitoring. During this time the defendant shall remain at her place of residence, between the hours of 9:00 PM and 6:00 AM, except for employment and other activities including school approved in advance by the probation officer. The defendant shall maintain a telephone at his/her place of residence without "call forwarding," a "modem," caller ID," "call waiting," or portable cordless telephones for the above period. The defendant shall wear an electronic monitoring devise and follow

electronic monitoring procedures specified by the probation officer. The Court further orders the defendant shall pay for the costs of Home Confinement, as directed by the probation officer.

3) The defendant shall abstain from the use of alcohol and/or all other intoxicants during the term of supervision.

4) The defendant shall not be permitted to reside any place where firearms are possessed or stored.

5) The defendant shall participate in a substance abuse treatment program which may include urinalysis testing as directed by the probation office. The defendant may be required to contribute to the costs of services rendered (co-payment) in an amount to be determined by the probation officer, based on the defendant's ability to pay.

6) The defendant shall not be permitted to frequent any establishment that receives 51% of their income from the sale of alcohol.

7) The defendant shall have no contact with Robby Rector or Laura Waddell, whether by phone, e-mail, fax, letter or in person, during the term of supervision, without prior permission of the supervising officer.

The Clerk will provide the United States Marshal Service with three (3) certified copies of this Order and three (3) certified copies of the Judgment entered on April 5, 2007 to serve as the commitment of the Defendant.

SIGNED this 24 day of August, 2012.

Robert Junell
United States District Judge